UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21428-CIV-ALTONAGA/Torres

**RENE ALVARADO BONILLA**,

    Plaintiff,

v.

**ENID STULZ**, Field Office Director,
Hialeah Field Office, U.S. Citizenship
and Immigration Services,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*. On November 10, 2020, Defendant, Enid Stulz[1] filed an Answer and Affirmative Defenses [ECF No. 30]. In his Answer, Defendant denies the Court has subject matter jurisdiction. (*See* Answer ¶¶ 3–4). At the Court's request, the parties filed memoranda of law addressing the Court's subject matter jurisdiction. (*See generally* Def.'s Mem. [ECF No. 36]; and Pl.'s Mem. [ECF No. 36]). After carefully considering the parties' memoranda and applicable law, the Court dismisses the action for lack of subject of matter jurisdiction.

### I. BACKGROUND

This action arises from the non-discretionary denial of Plaintiff's I-485 application for adjustment of status to that of permanent resident. (*See generally* Am. Compl. [ECF No. 1]).

---

[1] Enid Stulz is sued in his capacity as the acting Field Office Director of the U.S. Citizenship and Immigration Services's ("USCIS['s]") Hialeah Field Office.

Plaintiff is a native and citizen of Honduras residing in Miami-Dade County, Florida. (*See id.* ¶ 1). On October 11, 1997, Plaintiff entered the United States under a C-1/D transit/crewman visa classification. (*See id.* ¶ 12). Plaintiff's "alien crewman" non-immigrant visa expired in 1997. (*Id.* ¶ 15). Plaintiff thereafter remained in the United States with no lawful status. (*See id.* ¶ 16).

On April 1, 2020, Plaintiff was first granted Temporary Protected Status ("TPS") as a Honduran national. (*See id.* ¶ 19 (alterations added)). Since that time, Plaintiff has been renewing his TPS every re-registration period and maintains such status today. (*See id.* ¶ 20).

Although the governing statute states a TPS beneficiary "may travel abroad with the prior consent of the Attorney General[,]" the power to grant that consent was transferred to the USCIS. (*Id.* ¶ 21 n.4 (alteration added; quotation marks omitted)). As a TPS grantee, Plaintiff obtained "consent" from the USCIS to "travel abroad" under 28 U.S.C. section 1254a(f)(3). (*Id.* ¶ 21 (footnote call number omitted)). Plaintiff returned to the United States, arriving at Miami International Airport on June 30, 2017. (*See id.* ¶ 22). Plaintiff was "inspected and admitted" into TPS. (*Id.* (quotation marks omitted)). Plaintiff's passport was stamped with an "approved" visa stamp dated June 30, 2017; "TPS" is hand-written as the reason for visa approval. (Am. Compl., Ex. A [ECF No. 10-1] 6).

On March 29, 2019, Plaintiff married Jennifer Martinez, a U.S. citizen, who subsequently submitted to the USCIS a Form I-130, Petition for Alien Relative, on Plaintiff's behalf. (*See* Am. Compl. ¶¶ 23–24). Together with the Form I-130, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status. (*See id.* ¶¶ 24–25). The USCIS denied Plaintiff's adjustment of status application on February 7, 2020, explaining Plaintiff is "barred from adjustment of status" because he is "still considered an alien crewman with immigrant classification C-1 status." (Am. Compl., Ex. B, Notice of Decision [ECF No. 10-2] 1–2).

Plaintiff initiated this action on April 2, 2020, requesting judicial review under the Administrative Procedure Act ("APA") of the USCIS's determination that he is ineligible to adjust his status to that of permanent resident. (*See generally* Compl. [ECF No. 1]; Am. Compl.). After two motions to dismiss and Plaintiff's amending of the Complaint,[2] Defendant filed his Answer and Affirmative Defenses. (*See generally* Answer). As stated, in his Answer, Defendant denies the Court has subject matter jurisdiction under 8 U.S.C. section 1252(a)(2)(B) and *Patel v. United States Attorney General*, 971 F.3d 1258 (11th Cir. 2020) (en banc). (*See* Answer ¶¶ 3–4).

## II.  LEGAL STANDARD

Subject matter jurisdiction must be established before a case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (alteration added). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alterations added; citations omitted).

A defendant may challenge subject matter jurisdiction facially or factually. *See Douglas v. United States*, 814 F.3d 1268, 1274–75 (11th Cir. 2016). A facial attack requires the court to

---

[2] (*See generally* Mot. Dismiss [ECF No. 8]; Mot. Dismiss [ECF No. 12]; and Am. Compl.).

examine the complaint, taken as true, to determine whether the plaintiff has sufficiently alleged a jurisdictional basis. *See id.* at 1274.

### III. DISCUSSION

The Court analyzes the Defendant's challenge to subject matter jurisdiction as a facial attack. The Amended Complaint alleges jurisdiction under the APA (*see* Am. Compl. ¶ 3 (citing 5 U.S.C. § 701, *et seq.*; other citations omitted)), and 28 U.S.C. section 1361 (*see id.* ¶ 7 (providing jurisdiction for writs of mandamus)). Plaintiff states that "[n]on-discretionary statutory eligibility and inadmissibility determinations made by [Defendant] during the adjudication of an adjustment application are within the purview of this Court's jurisdiction under the APA." (*Id.* ¶ 9 (alterations added; citing *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142–44 (11th Cir. 2009); and *Perez v. USCIS*, 774 F.3d 960 (11th Cir. 2014))).

The APA permits judicial review of non-discretionary final agency action where such review is not otherwise precluded by statute. *See* 5 U.S.C. § 701(a); *id.* § 702. Defendant argues 8 U.S.C. section 1252(a)(2)(B) precludes judicial review here. (*See* Answer ¶ 3).

On its face, 8 U.S.C. section 1252(a)(2)(B)(i) prevents review of adjustment-of-status decisions made under section 1255. The relevant part of the statute states: "Notwithstanding any other provision of law (statutory or nonstatutory), . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review* [] *any judgment* regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c or *1255* of this title[.]"[3] 8 U.S.C. § 1252(a)(2)(B)(i) (alterations and emphasis added). Despite the statutory language, many courts have permitted judicial review of non-discretionary eligibility

---

[3] An exception is provided in subparagraph (D), permitting review of certain issues by petition to "an appropriate court of appeals[.]" 8 U.S.C. § 1252(a)(2)(D) (alteration added).

determinations, differentiating those underlying decisions from final judgments denying relief. *See Patel*, 971 F.3d at 1277 & n.22 (collecting cases).

In *Patel*, the Eleventh Circuit Court of Appeals receded from this approach, holding that section 1252(a)(2)(B)(i) strips courts of jurisdiction to review adjustment-of-status decisions under section 1255, including *all* eligibility-for-relief determinations. *See Patel*, 971 F.3d at 1272–73, 1277. The *Patel* court explained the statute's use of the language "any judgment" includes all decisions and determinations contributing to that judgment: "read in context, [section] 1252(a)(2)(B)(i) precludes us from reviewing 'whatever kind' of judgment 'relating to' the granting of relief under [section 1255]." *Id.* at 1274 (alterations added). The Eleventh Circuit rejected an interpretation of the jurisdiction-stripping statute that would "[e]nabl[e] review of each individual determination underpinning the final decision effectively allow[ing] for review of the grant of relief." *Id.* at 1283 (alterations added; citing *Lee v. USCIS*, 592 F.3d 612, 620 (4th Cir. 2010)). Certain legal and constitutional challenges are permissible, but only "upon a petition for review filed with an appropriate court of appeals[.]" *Id.* at 1271 (alteration added; quoting 8 U.S.C. § 1252(a)(2)(D)).

In the present case, Plaintiff seeks APA review of Defendant's denial of adjustment of status under 8 U.S.C. section 1255. (*See* Am. Compl. ¶¶ 80–81). The Court lacks jurisdiction to entertain such review under section 1252(a)(2)(B)(i). *See Patel*, 971 F.3d at 1272–73; *see also Lee*, 592 F.3d at 620 (holding district courts lack jurisdiction under the APA to review adjustment-of-status decisions or eligibility determinations because such review is barred by statute).

Plaintiff presents two arguments for why the Court should not follow *Patel* and should not dismiss this action: (1) the Eleventh Circuit has yet to issue a mandate in *Patel*; and (2) applying *Patel* to the action would violate both the presumption of judicial review of agency action and the

Constitution's Suspension Clause. (*See generally* Pl.'s Mem.). Plaintiff's reasoning is unpersuasive.

Plaintiff's mandate argument is foreclosed by the Eleventh Circuit's Internal Operating Procedures: "Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result." 11th Cir. R. 36-3, I.O.P. 2 (citing *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992)). Plaintiff relies on a single out-of-circuit case's footnote — predating *Martin* by nearly 10 years — for the implied proposition that published opinions overturning precedent are not binding until the mandate is issued. (*See* Pl.'s Mem. (citing *Nations v. Sun Oil Co. (Delaware)*, 695 F.2d 933, 939 (5th Cir. 1983)). The Court finds it prudent to instead follow the explicit instructions of the Eleventh Circuit.

Plaintiff's second argument is, essentially, judicial review of Defendant's adjustment-of-status denial must be available in the district court because otherwise review would be unavailable. (*See* Pl.'s Mem 13). Plaintiff rests this argument principally on the presumption of judicial review and that applying *Patel* to bar review here would violate the Suspension Clause. (*See id.*).

Plaintiff's position is unavailing. First, the Eleventh Circuit determined the plain language of section 1252(a)(2)(B)(i) overcomes the presumption of judicial review over adjustment-of-status decisions, including *all* eligibility determinations. *See Patel*, 971 F.3d at 1276 (determining the strong presumption favoring judicial review does not require "garbled interpretations of the statute to ensure the broadest possible review, especially to allow review of subordinate decisions underpinning an ultimately unreviewable decision"). *Patel* thus implicitly overrules *Perez v. USCIS* — relied upon by Plaintiff[4] — which is predicated on the pre-*Patel* understanding that district courts had jurisdiction under the APA to review non-discretionary adjustment-of-status

---

[4] (*See* Pl.'s Mem. 14 (citing *Perez*, 774 F.3d 960 (11th Cir. 2014))).

eligibility determinations. *See Perez*, 774 F.3d at 967–68; *see also Patel*, 971 F.3d at 1278 ("Clinging to the discretionary and non-discretionary distinction flies in the face of the statutory language specifically used by Congress.").

Plaintiff also argues the Suspension Clause is implicated because "[i]f [P]laintiff's adjustment has the effect of nullifying any potential removal order or impending proceedings, then he must [be afforded an adequate and effective habeas corpus remedy.]" (Pl.'s Mem. 5 (alterations added; citing *INS v. St. Cyr*, 533 U.S. 289 (2001))). Plaintiff, however, is not *presently* subject to a removal order, nor is he in removal proceedings. The Court declines to engage in the merits of Plaintiff's premature as-applied Suspension Clause argument.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the case is **DISMISSED** without prejudice. All pending motions are **DENIED** as moot. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 7th day of December, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record